IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND - ODESSA DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>Plaintiff,<br><br>v.<br><br>ALCOM SANDBLASTING & INDUSTRIAL COATING, INC.<br>Defendant | CIV. ACT. NO. **7:21-cv-165**<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, by and through the undersigned counsel, hereby demands judgment against the Defendant and complains against it as follows:

**I. THE PARTIES**

1. Plaintiff, Travelers Casualty and Surety Company of America, is an insurance company organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

2. At all times relevant hereto, Plaintiff provided insurance coverage to its insured, Rack Industries, Inc., located in 2800 East I-20 Service Road, Midland, TX 79706 ("Plaintiff's Insured").

3. Defendant is a corporation, organized and existing under the laws of the State of Texas, with its principal place of business in Odessa, Texas.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction in this action pursuant to 28 U.S.C. §1332, as the matter involves a dispute between corporations of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. Plaintiff is a citizen of the state of Connecticut; Defendant is a citizen of the state of Texas; therefore, the parties are diverse.

5. Venue is proper in this District and Division pursuant to 28 U.S.C. §1391 (a) as a substantial part of the events or omissions giving rise to this action occurred in this jurisdiction and a substantial part of the property that is the subject of this action is situated in this jurisdiction.

## III. STATEMENT OF FACTS

6. On or before October 16, 2019, Defendant and Plaintiff's Insured conducted business together and, pursuant to such, Defendant sent Plaintiff's Insured invoices requesting Plaintiff's Insured pay for goods or services provided by Defendant.

7. Additionally, on or before October 16, 2019, Defendant allowed an email account associated with its business to be compromised and accessed by unauthorized "bad actors" (to use a phrase often employed in the cyber criminal context).

8. On or after such date, the bad actors used one or more email accounts associated with Defendant to communicate with Plaintiff's Insured regarding the invoices Defendant requested Plaintiff's Insured pay.

9. On or after such date, the bad actors used Defendant's email account(s) to instruct Plaintiff's Insured to pay the invoices by wiring money to a specific bank account.

10. The bad actors represented to Plaintiff's Insured that the bank account belonged to Defendant, when in fact, it was controlled by the bad actors.

11. Plaintiff's Insured had no reason to suspect that Defendant had allowed bad actors to commandeer its email account(s) and, therefore, believed they were communicating with Defendant and that the bank account belonged to Defendant.

12. On or about the following dates thereafter, Plaintiff's Insured wired monies totaling over $96,000 to the unaffiliated bank account, as instructed:

    a.    $62,200 on or about December 13, 2019

    b.    $34,300 on or about January 24, 2020

13. At some point after payments were made, Plaintiff's Insured was informed or otherwise became aware that the invoices were still outstanding and that the funds it had wired were gone.

14. Plaintiff's Insured subsequently submitted an insurance claim to Plaintiff for the loss of such funds and, upon payment of said claim, Plaintiff became subrogated to the rights of its insured to seek recovery of the funds from any responsible party to extent of said payments. Additionally, Plaintiff's Insured assigned to Plaintiff its rights to seek recovery of its total loss.

## IV. COUNT I - NEGLIGENCE

15. Paragraphs 1 through 14 are hereby incorporated as if fully set forth herein.

16. The Defendant owed Plaintiff's Insured a duty to use, maintain, and secure its computer and email systems in a reasonable and prudent manner.

17. It was foreseeable to Defendant that the failure to use, maintain, and secure its computer and email systems in a reasonable and prudent manner could create an unreasonable risk of harm to its business partners, including Plaintiff's Insured, with whom Defendant frequently communicated concerning financial matters and payment of monies.

18. Defendant breached this duty through its employees, agents, technicians, vendors, subcontractors and/or servants, by the following negligent acts or omission:

a. failing to install or employ adequate security mechanisms, safeguards, or protocols so as to prevent bad actors from compromising its computer and emails systems;

b. failing to adequately instruct its employees, agents, technicians, vendors, subcontractors and/or servants how use, maintain, and secure its computer and email systems in a safe and appropriate manner;

c. failing to warn Plaintiff's Insured that its computer and email systems were compromised.

## V.  DAMAGES

19. As a direct and proximate result of the negligence and carelessness of Defendant, the Plaintiff's Insured sustained and incurred a loss in an amount in excess of $96,000.

## VI.  JURY DEMAND

20. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against the Defendant for damages in an amount in excess of $96,000.00, together with interest, costs and such other relief as this Honorable Court deems appropriate under the circumstances.

Respectfully submitted,

 /s/  Laura D. Schmidt
**LAURA D. SCHMIDT**
Texas Bar No:  22142300
**KELLY, SMITH & SCHMIDT, P.C.**
5700 Tennyson Pkwy., Ste. 300
Plano, TX 75074 **
PHONE: (972) 848-7300
FAX:     (713) 861-7100
schmidt@kellysmithpc.com
*\*\*all mailed correspondence should be directed to the Houston office, 4305 Yoakum Blvd., Houston, Texas 77006*
**ATTORNEY FOR PLAINTIFF
(LOCAL COUNSEL)**

/s/ Kenneth T. Levine
**KENNETH T. LEVINE**

**de LUCA LEVINE LLC**
Three Valley Square, Suite 220
Blue Bell, PA 19422
Ph: (215) 588-5085
Fax: (215)-383-0082
klevine@delucalevine.com
**ATTORNEY FOR PLAINTIFF**
*(not admitted in Texas, but intends to file Motion for Pro Hac Vice Admission)*